IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WITTAYA THEERACHANON,       )
    *Plaintiff*,               )
                               )
        v.                 )       Civil Action No.  3:23CV818 (RCY)
                               )
WESTLAKE FINANCIAL SERVICES,  )
*et al.*,                         )
    *Defendants*.           )
                               )

**MEMORANDUM OPINION**

*Pro se* Plaintiff Wittaya Theerachanon brings this action alleging breach of contract, wrongful repossession of her personally owned vehicle, and conspiracy between defendants.[1]  She also alleges that she is the victim of a hate crime based on the harassment she alleges took place during her stay at the Super8 Hotel.  This case is presently before the Court on a Motion to Dismiss, ECF No. 7, filed by "Defendant" Shanks Inc.  Shanks Inc. moves the Court to dismiss this action with prejudice pursuant to Federal Rules of Civil 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6), primarily arguing that it is not the entity implicated by Plaintiff's allegations and it was accordingly improperly served.  The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  E.D. Va. Loc. Civ. R. 7(J).  For the reasons set forth below, the Court will grant the Motion to Dismiss on 12(b)(4) and 12(b)(5) grounds and accordingly dismiss Shanks Inc. from this action.  Plaintiff will be provided time to serve the proper entity.

---

[1] Plaintiff frames this as a 42 U.S.C. §1983 action; however, § 1983 would not entitle Plaintiff to relief since none of the Defendants are state or government entities.  42 U.S.C. § 1983.  But because Plaintiff is *pro se*, the Court construes the Complaint "liberally" and reads the Complaint as asserting distinct claims outside of 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I.  RELEVANT PROCEDURAL BACKGROUND

On November 25, 2023, ahead of filing the Complaint in this Court, *pro se* Plaintiff Wittaya Theerachanon mailed a copy of the Complaint to Shank's Inc.'s business address at 407 TV Drive, Fredericksburg, VA 22408.  Compl., ECF No. 1-16.  Subsequent to the actual filing of the Complaint, the Clerk notified Plaintiff that summons could not be issued based on the submitted information and instructed Plaintiff to provide corrected addresses for service.  Plaintiff complied and filed a letter ("Corrected Addresses Letter") on December 28, 2023, listing 11213 Nuckols Road, Suite E, Glen Allen, VA 23509 as the registered agent address for "Shanks Towing South, LLC."  ECF No. 3-2.  Before the Clerk even issued summonses, Shanks Inc. appeared in the case. *See* ECF Nos. 4, 5.  Counsel for Shanks Inc. initially noticed an appearance on behalf of "Defendant Shanks Towing South LLC," ECF No. 4, but thereafter filed a Praecipe correcting the record with respect to the party actually appearing:  Shanks Inc. ECF No. 5 (noting that, "[d]ue to the Record reflecting a variety of similar names, there was some confusion as to which party was being named in this action").

Shanks Inc. filed the instant Motion to Dismiss and Memorandum in Support thereof on January 17, 2024.  Mot. Dismiss, ECF No. 7; Mem. Supp., ECF No. 10.  In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Shanks Inc. properly notified Plaintiff of its Motion, as well as Plaintiff's right to file a response and the possibility of dismissal if Plaintiff failed to respond within twenty-one days. *See* Mem. Supp.  Plaintiff submitted a letter on January 22, 2024, to the Clerk of Court questioning the appearance of the Defendant and how it relates to Shanks Towing South.  Pl.'s Letter, ECF No. 9.  That same day, the Clerk mailed a summons packet to Plaintiff for service; however, the summons for Defendant "Shanks Towing" included the "407 TV Dr." address associated with Shanks Inc., not the "11213 Nuckols Road" address

2

listed for "Shanks Towing South LLC (Shanks Towing)" in Plaintiff's Corrected Addresses Letter. *Compare* Summons Issued, ECF No. 11, *with* Corrected Addresses Letter, ECF No. 3.   Later, Plaintiff filed a Brief that, among other discrete arguments, included an "Answer" to the Motion to Dismiss (hereinafter, "Plaintiff's Response").  Pl.'s Resp. 5–8,[2] ECF No. 12.   Shanks Inc. did not file a reply.   As such, the matter is ripe for review.

## II.  RELEVANT FACTUAL ALLEGATIONS

On June 16, 2023, Plaintiff encountered issues with her truck as she traveled from Petersburg, Virginia to Fairfax, Virginia.  *See* Compl., ECF No. 1-1, at 2.   Plaintiff stopped at Hotel Super8 ("Super8") in Fredericksburg to stay the night.  *Id.*   Because Plaintiff was unsure whether her vehicle would be repaired, she booked reservations day-by-day, with final checkout on June 22.[3]  *Id.*   At some point during Plaintiff's stay at the Super8, she became fearful when a hotel employee kicked and repeatedly knocked on her door demanding Plaintiff pay because payment for that night's stay was fifteen minutes overdue.  *Id.*   Plaintiff made the overdue payment to stay another night, but because she no longer felt safe at the Super8, she stayed at another hotel that night.  *Id.* at 3.   Plaintiff was forced to leave her non-running vehicle at the Super8 because it had not been fixed.  *Id.*

On June 21, 2023, Super8 called Plaintiff and asked her to move the vehicle.  *Id.* at 2–3. She informed the hotel that the vehicle was inoperable, and that she was waiting on a mechanic. *Id.*   That same day, the mechanic arrived at the hotel to examine Plaintiff's vehicle and notified her that it had been towed.  *Id.* at 3; Compl. Ex. C., ECF. No. 1-4.   Ultimately, Super8 had called a towing company, Shanks Towing, to impound Plaintiff's vehicle.

---

[2] The Court utilizes the pagination assigned by the CM/ECF system.

[3] The email records provided by Plaintiff show hotel reservations from June 16-17, June 18-20, and a final booking from June 21-22.  Compl. Ex. A, ECF. No 1-2.

A week later, Plaintiff received a letter from Westlake Financial Services that Plaintiff's truck was being repossessed and that Westlake intended to sell Plaintiff's truck. *Id.* at 4. At the time Plaintiff's truck was towed, the Plaintiff was up to date on her car loan payment. *Id.*

### III. STANDARD OF REVIEW[4]

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Accordingly, failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *See, e.g.*, *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984). A motion to dismiss under Rule 12(b)(4) challenges "insufficient process" or the sufficiency or form of the process itself. Fed. R. Civ. P. 12(b)(4). In comparison, a motion to dismiss under Rule 12(b)(5) allows dismissal for "insufficient *service* of process." Fed. R. Civ. P. 12(b)(5) (emphasis added). Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1353 (4th ed. 2024) (footnote omitted). Accordingly, a defendant may move to dismiss under Rule 12(b)(4) because the entity named in the process is different from the entity named in the complaint. *See id*. Under Rule 12(b)(5), a defendant may move to dismiss for insufficient service of process because "the wrong party—that is, a party not named in the summons—has been served." *Id*. (footnote omitted). A

---

[4] Because the Court may resolve the underlying Motion on Rule 12(b)(4) and 12(b)(5) grounds, it need not—and does not—reach the issues raised by Shanks Inc.'s 12(b)(1) and 12(b)(6) arguments. *See Blecher v. Walz*, 2012 WL 4458190, at *2 n.3 (W.D. Va., Aug. 30, 2012) (quashing insufficient service and waiting to consider other motions to dismiss until proper service is completed); *see also Gonzalez v. Wake Cnty. Pub. Sch. Sys.*, 2022 WL 125295, at *4 (E.D.N.C. Jan. 12, 2022) (declining to address defendant's 12(b)(6) argument since the court lacked personal jurisdiction over defendant).

court may consider affidavits and other materials outside the pleadings when reviewing a motion to dismiss under Rule 12(b)(4) or (5). *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Any analysis under Rule 12(b) implicates Federal Rule of Civil Procedure 4. "Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

## IV. DISCUSSION

Shanks Inc. presents its 12(b)(4) and 12(b)(5) arguments for dismissal together in a single paragraph. Mem. Supp. 4–5. While the Court recognizes that these are separate challenges relating to defective service, *see* Wright, Miller & Spencer, *supra*, § 1353, because the analysis here hinges on whether the proper defendant was served or named in the summons, the Court likewise addresses both issues together, below.

### A.  Shanks Inc. is Not a Proper Party to This Action

From the outset, the issue of which is the proper "Shanks" entity has been a muddy question. As Shanks Inc. notes, "multiple variations of the name "Shanks" (including those of separate entities) are provided throughout Plaintiff's filings, and multiple addresses for the various entities were provided as well." Mem. Supp. 4–5. Shanks Inc. itself was thrown off by the closeness in entity names, as demonstrated by its initial, incorrect Notice of Appearance. *See* ECF No. 4. At bottom, though, Shanks Inc. asserts that it was improperly identified as a party and wholly denies any involvement in towing Plaintiff's vehicle.

In her Response, Plaintiff confirms that the entity she intended to serve is "Shanks Towing South LLC, or Shanks Towing, or Shanks Towing Fredericksburg" (hereinafter simply "Shanks Towing South"), and she expresses confusion as to why Shanks Inc. (and counsel for the same) appeared if it is not affiliated with Shanks Towing South. Pl.'s Resp. 5. Plaintiff admits "nothing

shows" that Shanks Inc. and Shanks Towing South "are affiliated" and even distinguishes the two entities by their Entity IDs. *Id.* at 7.

Based on the foregoing, the Court easily concludes that Plaintiff served the incorrect entity. Plaintiff used Shanks Inc.'s address when she intended to serve Shanks Towing South, i.e., the entity which Plaintiff alleges is the proper Defendant listed in the complaint. *See* Certificates of Service, ECF No. 1-16 (using Shanks Inc.'s address); Corrected Addresses Letter Ex. 2, ECF No. 3-2 (showing correct registered agent address for Shanks Towing South); Summons Returned Executed 13 (Clerk-issued summons still showing Shanks Inc.'s address). To the extent that Plaintiff intended to name Shanks Inc. as a defendant, she failed to name the entity in her Complaint, and she failed to properly serve Shanks Inc. To the extent that Plaintiff intended to name Shanks Towing South and then mistakenly served Shanks Inc., Plaintiff failed to properly effectuate service on Shanks Towing South. At any rate, Shanks Inc. was not named in the Complaint and was not appropriately served. Because the summons here was defective, pursuant to Rule 12(b)(4) and 12(b)(5), Shanks Inc. should be dismissed as a party to the action. Accordingly, Shanks Inc.'s Motion to Dismiss, ECF No. 7, will be GRANTED.

## B.  Remedy for Failure to Serve

Now that the Court has established that the incorrect entity was served in lieu of Shanks Towing South, the question becomes whether the Court should permit Plaintiff to cure this deficiency. Although Plaintiff is *pro se*, she is required to comply with time requirements and other procedural rules. However, insufficient service of process "does not necessitate dismissal" when plaintiffs have attempted to properly serve defendant in good faith, where proper service is likely, and particularly when *pro se* litigants are entitled to some leeway. *See Urrego v. Samuel I. White, P.C.*, 2018 WL 4524106 (E.D. Va. Jul. 3, 2018). District courts within the Fourth Circuit

consider whether:  (1) the delay in service was outside the plaintiff's control; (2) the defendant was evasive; (3) the plaintiff acted diligently or made reasonable efforts; (4) the plaintiff is *pro se* or proceeding *in forma pauperis*; (5) the defendant will be prejudiced; or (6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).  *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016).

Here, Plaintiff has attempted in good faith to serve the correct entity, Shanks Towing South. Plaintiff demonstrated this by filing the Corrected Addresses Letter, identifying the different entity IDs, and acknowledging that Shanks Inc., the entity to whom she mailed the Complaint, is not the Shanks Towing South actually named in her Complaint.[5]  *See* Pl.'s Resp. at 4–7.  Although the pendency of the instant Motion has moved the case well beyond the time for service under Rule 4(m), that is no fault of Plaintiff.

There is no indication before the Court that Shanks Towing South has been evasive, but based on Plaintiff's *pro se* status, Plaintiff's confusion by Shank's Inc.'s appearance "for Defendant Shanks Towing South LLC," ECF No. 4, in the matter is understandable, even if such appearance was subsequently corrected, *see* ECF No. 5.  Plaintiff says as much in in her Response and in the letter she submitted to the Clerk of Court.  *See* Pl.'s Resp. at 5–8; Pl.'s Letter.  This is especially true given that Shanks Inc. appeared the day after Plaintiff filed her Corrected Addresses Letter and given that Shanks Inc. filed the instant Motion before the Clerk re-issued summonses for Plaintiff to serve.  *See* ECF Nos. 3-2, 4, 7, 11, 13.  Plaintiff acted diligently by finding what is assumed to be the correct address for Shanks Towing South, and by submitting that address to the Clerk for use in preparing the summonses in this action.

---

[5] Acknowledging that Plaintiff frequently refers to Shanks Towing South simply as "Shanks Towing."  *See generally* Compl.

Finally, it is likely that Plaintiff will be able to properly serve Shanks Towing South given that she now appears to possess the proper entity ID and proper address. As such, the appropriate remedy in this case will be to direct the Clerk to re-issue a summons using the corrected address for Shanks Towing South and provide Plaintiff thirty days to properly serve the true defendant in a manner consistent with Rule 4. *Urrego*, 2018 WL 4524106, at *7.

## V.  CONCLUSION

For the reasons set forth above, the Court will grant Defendant's Motion to Dismiss, dismiss Shanks Inc. from this action, and order Plaintiff to properly serve the true defendant named in her Complaint. Failure to serve the proper Shanks Towing South entity will result in dismissal without prejudice, pursuant to Rule 4(m).

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date: September 25, 2024
Richmond, Virginia

8