UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

WITTAYA THEERACHANON,  )
       Plaintiff,  )
         )
    v.  )       Civil Action No. 3:23CV818 (RCY)
         )
WESTLAKE FINANCIAL SERVICES,  )
*et al.*,  )
       Defendants.  )
         )

**MEMORANDUM OPINION**

In its Order entered on January 1, 2025, the Court gave *pro se* Plaintiff Wittaya Theerachanon an opportunity to file an Amended Complaint to cure the deficiencies this Court noted in its accompanying Memorandum Opinion, on which basis the Court granted Defendant Shanks Towing South, LLC's Motion to Dismiss. Order, ECF No. 45; Mem. Op., *Theerachanon v. Westlake Fin. Servs.*, 2025 WL 19813 (E.D. Va. Jan. 2, 2025), ECF No. 44. Plaintiff was warned that failure to comply with the terms of the Order could result in *sua sponte* dismissal of the action. *Id*. On January 15, 2025, Plaintiff filed an Amended Complaint, ECF No. 46, which became the operative Complaint in this action, per the Court's Order. However, the newly filed Complaint fails to cure the deficiencies previously noted and once again fails to demonstrate that this Court has jurisdiction over any claim.[1]

---

[1] On January 27, 2025, Defendant Shanks Towing South, LLC, filed a Motion to Dismiss Amended Complaint, ECF No. 47, and on January 28, 2025, Shiv Sai VA, Inc. d/b/a/ Hotel Super8 of Fredericksburg also filed a Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 48. The Court need not engage with the Motions, however, as courts may dismiss actions for lack of subject matter jurisdiction of their own accord, Fed. R. Civ. P. 12(h), and further because of Plaintiff's failure to comply with the show-cause aspect of the Court's prior order, *see* ECF No. 45; Fed. R. Civ. P. 41(b).

## I. SUMMARY OF ALLEGATIONS

Plaintiff seeks damages based on an alleged conspiracy between Defendants to illegally repossess Plaintiff's vehicle based on her status as a transgender woman. Am. Compl. 2. Specifically, Plaintiff alleges that each Defendant played a roll in her car being illegally towed from Defendant Super8's parking lot and it eventually being sold. *Id.* at 4. Plaintiff acknowledges that while she does not know Defendants, their only motivation to harm her would be because of her status as a transgender woman. *Id.* at 5.

## II. ANALYSIS

The Court begins with Plaintiff's § 1985 conspiracy and hate crime claims. Like in her original Complaint, ECF No. 1, Plaintiff alleges that Defendants conspired against her, based on her status as a Transgender woman, to illegally repossess her vehicle. Again, Plaintiff fails to allege a federal question in her Amended Complaint over which this Court may exercise jurisdiction. *See generally* Am. Compl. First, the Court notes that Plaintiff's hate crime allegation stems from a criminal statute. Am. Compl. 1, 5 (citing Va. Code Ann § 52-8.5 (defining a hate crime as "a criminal act")). As a matter of law, "criminal statutes cannot be the basis of jurisdiction in a civil case." *Gorneff v. Metro. Com. Bank*, 2023 WL 8852838, at *3 (N.D. W. Va. Nov. 28, 2023) (citing *L.J. v. Wilbon*, 633 F.3d 297, 307 (4th Cir. 2011) ("The Supreme Court has long held that private plaintiffs may not bring suits to enforce statutes that do not provide a private cause of action.")). Second, with respect to the § 1985 claim, Plaintiff's conspiracy allegations fail to remedy the issues identified in the Court's prior opinion, *See* Mem. Op. 8–12, *Theerachanon*, 2025 WL 19813, at *4–6. Namely, Plaintiff's allegations lack any reference to the necessary "'meeting of the minds' by defendants to violate [Plaintiff's] constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995) (citations omitted). Plaintiff clearly states that Defendants

2

"successfully committed malicious actions," and that "conspirators can . . . be punished for illegal acts carried out by other members;" however, Plaintiff fails to demonstrate that Defendants had a "meeting of the minds" as to violating Plaintiff's constitutional rights. Accordingly, Plaintiff has failed to state any claim upon which federal question jurisdiction may rest.[2]

Next, the Court turns to Plaintiff's jurisdictional argument. Plaintiff argues that "Minimal Diversity Exists" and that the Court has jurisdiction of the case under federal question. Am. Compl. 5–6. As discussed above, and in its prior opinion, the Court does not have jurisdiction under federal question doctrine. *See* Mem. Op. 8–12, *Theerachanon*, 2025 WL 19813 at *4–6. Therefore, the only way in which this Court could exercise jurisdiction over this case would be diversity jurisdiction—that is, if there were complete diversity between Plaintiff and Defendants. 28 U.S.C. § 1332(a); *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). Plaintiff's Amended Complaint still includes non-diverse parties. Defendant Super8, i.e., the corporate entity Shiv Sai VA, Inc. d/b/a Hotel Super 8 of Fredericksburg, VA, and Plaintiff are both citizens of Virginia.[3] For that reason, complete diversity is still lacking, and the Court is unable to exercise diversity jurisdiction pursuant to § 1332.

---

[2] Plaintiff continually references the right to sue letter that she received from the Office of the Attorney General of Virginia, Office of Civil Rights ("Notice"), ECF No. 43-1, as a basis for federal jurisdiction. *See* generally Am. Compl. Plaintiff misinterprets that document. The Notice instructs that Plaintiff's lawsuit "**must be filed in a state court WITHIN 90 DAYS**" and that the information contained in the notice is "related to filing a lawsuit in state court under Virginia law." Notice 1–2. The Notice also includes information about filing suits in federal court and how the U.S. Equal Employment Opportunity Commission (EEOC) issues a separate Notice of Right to Sue. *Id.* at 2.

[3] This Court took judicial notice of Defendant Super8's Virginian citizenship in its prior opinion. Mem. Op. 13, *Theerachanon*, 2025 WL 19813 at *13.

## III.  CONCLUSION

Plaintiff once again fails to plead a viable cause of action over which this Court may exercise jurisdiction.  Finding that Plaintiff failed to allege a federal question, and that complete diversity is lacking, the action will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date:  January 29, 2025
Richmond, Virginia